**NOT FOR PUBLICATION**

**FILED**

FEB 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL PONCE SANCHEZ,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　Respondent. | No.　17-70640<br><br>Agency No. A087-123-040<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020[**]

Before:　　FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Daniel Ponce Sanchez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v.*

---

[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Ponce Sanchez does not challenge the agency's dispositive determination that he failed to establish past persecution on account of a protected ground. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The agency did not err in finding Ponce Sanchez failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Substantial evidence supports the agency's determination that Ponce Sanchez failed to establish that any harm he fears in Mexico would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft

or random violence by gang members bears no nexus to a protected ground.").
Thus, Ponce Sanchez's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because
Ponce Sanchez failed to show it is more likely than not he will be tortured by or
with the consent or acquiescence of the government if returned to Mexico. *See*
*Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject Ponce Sanchez's contention that the agency failed to consider
evidence. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018).

**PETITION FOR REVIEW DENIED.**